WESTERN UNION TELEGRAPH CO. v. SIMMONS.

(Court of Civil Appeals of Texas. Dec. 7, 1910. Rehearing Denied Jan. 4, 1911.)

TELEGRAPHS AND TELEPHONES (§ 74*)—DELAY IN SENDING MESSAGE—INSTRUCTIONS.

Where the operator of defendant telegraph company at H. received a message for transmission to plaintiff at E., and agreed that if he could get the operator at E. the message would be delivered immediately, and the message was transmitted to the operator at E., who made an attempt to deliver, but was told that plaintiff lived three-quarters of a mile away, though he in fact lived about five blocks from the office, and that it would cost 50 cents for a messenger, and he inquired of the office at H. whether he should deliver, and, receiving no reply, did not further attempt to deliver until morning, the court properly instructed that on such agreement it was the duty of the agent at E. to use ordinary diligence to deliver the message with reasonable promptness, and a failure to do so would be negligence, entitling plaintiff to recover, provided the message could have been delivered with the use of ordinary diligence on time for the plaintiff.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 74.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Action by Mack Simmons against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Hume, Robinson & Hume, for appellant. P. P. Putney and Carothers & Brown, for appellee.

JAMES, C. J. This appeal is from a judgment against appellant for negligent delay in delivering a message, which delay prevented appellee from reaching his sister's bedside before she died. The answer was the general denial, and specially pleaded that at and prior to the date of filing the message with defendant at Houston, Tex., defendant had established and observed, at its office at Eagle Lake, Tex., certain office hours, to wit, from 8 a. m. to 6 p. m. daily, for the purpose of doing business with and for the public, said hours being reasonable and adequate for that place; also that, if the message was received by its agent at Eagle Lake, it was after 6 p. m.

There is a single assignment of error, as follows: "The court erred, to the prejudice of defendant, in the fourth paragraph of the charge, which is: 'If you find from the evidence that on the date in question the agent

of the company at Houston, when he received the message, agreed that it should be delivered promptly that night, then it was the duty of the agent of the company at Eagle Lake to use ordinary diligence to deliver the message to the plaintiff with reasonable promptness, and a failure to do so would be negligence, entitling the plaintiff to recover, provided the message could have been delivered with the use of ordinary diligence in time for the plaintiff to have reached his sister's bedside before her death, and you find that under the circumstances plaintiff would have gone to her bedside before her death, had the message been so delivered.'"

We find that there was evidence showing that the agent at Houston, when he received the message, agreed that if he could get the operator at Eagle Lake, it being after office hours at Eagle Lake, it would be delivered right away. This was the testimony of the person filing the message. The agent at Houston receiving it testified that he asked the operator at Eagle Lake if he could get a message there, and the operator told him that the office was still open, and then he received the message. The message was sent, and was received at Eagle Lake at 7:35 the night it was sent, which was December 10, 1908, and was not delivered until next morning, resulting in plaintiff not seeing his sister before she died; the latter being conscious to the end. The agent or operator receiving the message at Eagle Lake made some effort to deliver it that night, but was told by a negro that plaintiff lived about three-quarters of a mile from the depot, and that he would take it out for 50 cents. He then sent a service message to the office in Houston, and told them that party lived three-quarters of a mile from depot, no messenger that time of night, and could have message delivered for 50 cents, and to answer quick. To this he received no reply. Plaintiff was in Eagle Lake that night at his home, about five blocks from the depot.

Upon this state of evidence, we overrule all of the propositions which appellant presents in connection with the assignment. The specific undertaking, when the message was received, was, according to the above testimony, that the message would be delivered that night. The question of negligence was correctly submitted.

Judgment affirmed.